IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Criminal No. 4:23-cr-103 |
| | ) |
| v. | ) |
| | ) MOTION FOR PRELIMINARY |
| ARMANI EUGENE GATES, | ) ORDER OF FORFEITURE |
| Also known as, "OMB74" and "74," | ) |
| | ) |
| Defendant. | ) |

COMES NOW the United States of America, through Assistant U.S. Attorney Craig Peyton Gaumer, and respectfully submits this Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below. A proposed order is submitted with this motion.

1. **Statutory Authority.** The Court's authority in this matter is founded upon 18 U.S.C. § 924(d), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2.

2. **Notice of Forfeiture in the Indictment.** On August 15, 2023, a Superseding Indictment was returned in the Southern District of Iowa, which alleged specific property was forfeitable from the Defendant if he were convicted of Count 3 (straw purchase conspiracy) and Count 4 (firearm trafficking conspiracy).

3. **Basis for Forfeiture to the United States.** On November 14, 2023, the Defendant pled guilty to Counts 1, 2, 4, 6, 7 and 29 (R. Doc. 105.). Defendant, therefore admitted he illegally possessed two firearms on March 23, 2022, namely:

   a. **A loaded Walther, nine-millimeter pistol (SN: FDC7327); and**

      b.      A loaded Canik, model TP9 SFX, nine-millimeter pistol (SN: 20BC61815.

(R. Doc. 107, ¶ 8). Specifically, Defendant agreed to the forfeiture of the property identified in the Superseding Indictment (R. Doc. 107, ¶ 19), which included these firearms, as well as those listed in Counts 3 and 4. He waived any challenges to any forfeiture carried out in accordance with his Plea Agreement. (R. Doc. 107, ¶ 19). And he waived the requirement of Fed. R. Crim. P. 32.2 that notice of the forfeiture of any specific property be included in the charging instrument. (R. Doc. 107, ¶ 21). The fact that Defendant pled guilty to illegally possessing these firearms provides a nexus between them on the offense, and makes them forfeitable. Fed. R. Crim. P. 32.2(b)(1)(A). When law enforcement searched Defendant's residence on March 23, 2022, looking for evidence related to a drive-by gun fight that had occurred a week earlier in Des Moines, they found the firearms at issue with large capacity magazines. They also found digital scales, 4.78 grams of marijuana, and seven fentanyl pills. Iowa DCI Ballistics later confirmed that Walther pistol was involved in the March 16 gunfight, as well as in a gang-related homicide in Ames. (PSR, R. Doc. 127, Paragraphs 13 – 16).

    Defendant does not list these firearms as assets he owns. (PSR, R. Doc. 127, Paragraph 149).

    Because the firearms were involved and used in violation of 18 U.S.C. § 922(g), the law provides they shall be subject forfeiture. 18 U.S.C. § 924(d).

    Additionally, the record is clear Defendant has now been convicted in this case of numerous felonies, accordingly, it is illegal for him to possess the firearms at issue.

They cannot be returned to him.

On November 30, 2023, this Court adopted the Report and Recommendation as to Defendant's guilty plea. (R. Doc. 112.) Thus, the foregoing property can be preliminarily forfeited to the United States.

4. **Entry of Preliminary Order of Forfeiture.** Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), the Court must, "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty . . . is accepted, on any count in an indictment . . . regarding which criminal forfeiture is sought, . . . determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). This determination can be based on the plea agreement and any other evidence contained within the record. Fed. R. Crim. P. 32.2(b)(1)(B). Once the Court finds property forfeitable under Fed. R. Crim. P. 32.2(b)(1), it "must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A). Once such an order is entered, the government is authorized to commence third party (ancillary) proceedings. The government requests that the electronic notice of the preliminary order of forfeiture be ordered sufficient to apprise any co-defendants of their right, if any, to contest the forfeiture as third parties.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture. Fed. R. Crim. P. 32.2(b)(3).

5. **Finality of Preliminary Order of Forfeiture.** Fed. R. Crim. P. 32.2(b)(4)(A) and (B) provide that "at sentencing—or at any time before sentencing if the defendant consents—the preliminary order of forfeiture becomes final as to the defendant" and must be made part of the sentence and be included in the judgment. Fed. R. Crim. P. 32.2(b)(4)(A), (B).

6. **Final Order of Forfeiture.**  When the ancillary proceeding ends, "the [C]ourt must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Crim. P. 32.2(c)(2). In this district, the Court typically enters a Final Order of Forfeiture even if there are no third-party filings, to document that the forfeiture part of the case has concluded.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

By: */s/ Craig Peyton Gaumer*
Craig Peyton Gaumer
Assistant United States Attorney
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: craig.gaumer@usdoj.gov

4

CERTIFICATE OF SERVICE

    I hereby certify that on April 1, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

_____U.S. Mail   _____Fax   _____Hand Delivery   \_\_X\_\_ECF/Electronic filing   _____Other means

    UNITED STATES ATTORNEY

By:   */s/ K. Saltos*

    Paralegal Specialist